THE PEOPLE ex rel. D. T. Allard et al. Defendants in Error, vs. ROBERT STRANDSTRA et al. Plaintiffs in Error.

*Opinion filed February 19, 1909.*

1. DRAINAGE—*what land may be included in a district by user.* Only such lands can be included in a district by user, organized under section 76 of the Farm Drainage act, as the owners thereof have voluntarily connected with the main ditch of the proposed district or some of its branches.

2. COSTS—*when costs are properly adjudged against respondents in quo warranto.* Where judgment of ouster is entered on an information in the nature of *quo warranto* against the respondents, as individuals, to test the legality of the organization of a drainage district, the costs are properly adjudged against the respondents.

3. PLEADING—*when plea to information in quo warranto is insufficient.* In a proceeding by information in the nature of a *quo warranto* to test the legality of the organization of a district by user, a plea of justification is insufficient if it is impossible to tell therefrom what lands of the said district had been voluntarily connected with the main ditch or its branches and what had not.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. DORRANCE DIBELL, Judge, presiding.

W. G. BROOKS, JOHN P. PALLISSARD, and LYLE D. PERRIGO, for plaintiffs in error.

J. BERT. MILLER, State's Attorney, (C. B. CAMPBELL, and A. F. GOODYEAR, of counsel,) for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an information in the nature of a *quo warranto* filed by leave of court in the circuit court of Kankakee county by the State's attorney, upon the relation of certain land owners, against Robert Strandstra, Alfred Nourie and Thomas Daily, to test the legality of the organization of Union Drainage District No. 1 of the town of St. Anne, in Kankakee county, and the town of Papineau, in Iroquois county. The respondents filed a plea of justi-

fication, in which they averred that they were, at the time the information was filed, acting as commissioners of said drainage district, and set up the various steps which had been taken to organize said drainage district. A demurrer was interposed to said plea and sustained, and the respondents having stood by their plea, a judgment of ouster was entered against them and they were adjudged to pay costs, and they have sued out a writ of error from this court to review the judgment of the circuit court.

The drainage district was organized under section 76 of the Farm Drainage act, (Hurd's Stat. 1908, p. 867,) which reads as follows: "Where two or more parties owning adjoining lands which require a system of combined drainage, have by voluntary action constructed ditches which form a continuous line, or line and branches, the several parties shall be liable for their just proportion of such repairs and improvements as may be needed therefor, the amount to be determined as near as may be on the same principle as if these ditches were in an organized district. Whenever such repairs and improvements are not made by voluntary agreement, any one or more owning parts of such ditch shall be competent to petition for the formation of a drainage district to include the lands interested in maintaining these ditches. The petitioner or petitioners for the formation of such district must show to the satisfaction of the court that his or their land is damaged through the lack of proper repairs or improvements to said ditch or drain. The form of procedure and the conditions heretofore prescribed in this act shall be observed as near as practicable; but the ditches shall be taken as a dedication of the right of way, and their construction and joining as the consent of the several parties to be united in a drainage district. These ditches, if open, shall be made tile drains when practicable."

While many questions have been raised upon this record and discussed in the briefs, we think there is one de-

fect in the organization of said drainage district which is fatal, and that that question alone need be considered. The drainage district was sought to be organized as a district by user,—that is, a drainage district formed by the acts of the parties. It appears, however, that in organizing the district, lands were included in the district which, while perhaps benefited, had never been voluntarily connected with the drains of the proposed district by the owners of said lands. The statute provides that where two or more parties owning adjoining lands have by voluntary action connected ditches thereon which form a continuous line or line and branches, the several parties shall be liable for their just proportions of such repairs and improvements as may be required. This, we think, clearly indicates that only such lands can be included in a district by user organized under said section of the statute as the owners thereof have voluntarily connected with the main ditch of the proposed district or with some of its branches. The Farm Drainage act provides for the formation of drainage districts other than districts by user. In the organization of those districts, however, the statute requires action by a majority, in number, of the adult owners of the lands lying in the proposed district, who shall be owners, in the aggregate, of more than one-third of the lands to be included in the proposed district, or by the owners of the major part of the lands of the proposed district and who constitute one-third or more of the owners of the lands to be incorporated in the district, while for the organization of a district formed by user, under the provisions of said section 76, one or more persons owning parts of such ditch may set in motion a proceeding to organize a district by user under said section of the statute. The drainage district in question contains something like three thousand acres of land, and it is impossible to tell, from the plea, what lands had been voluntarily connected with a continuous line of ditches, or its branches, of the proposed district or what lands had not

been so voluntarily connected. We are of the opinion, therefore, that the court properly sustained the demurrer to plaintiffs in error's plea and entered a judgment of ouster against them.

It is also urged that the court improperly taxed the costs against the plaintiffs in error. The plaintiffs in error were sued individually and not in their official capacity. (*People v. City of Spring Valley*, 129 Ill. 169.) We think the costs were properly adjudged against plaintiffs in error.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*